**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEARVIEW AI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Clearview AI, Inc. ("Clearview") hereby effects the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.[1]  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is styled as a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a).

**I.      FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1.      This is Plaintiffs' second lawsuit against Clearview.

---

[1] Clearview does not waive, and expressly reserves, all rights, claims, and defenses, including without limitation all defenses with respect to personal jurisdiction and otherwise as well as the right to seek a transfer of this action under 28 U.S.C. § 1404.

2.      Initially, on March 19, 2020, these same Plaintiffs filed a lawsuit against Clearview in the Circuit Court of Cook County, Illinois (the "First Action").  On May 15, 2020, Clearview removed the First Action to the United States District Court for the Northern District of Illinois. *See* No. 20-2916, Dkt 1.  Rather than pursue a motion to remand, Plaintiffs voluntarily dismissed the First Action, without prejudice, on May 21, 2020.  *Id*. dkt. 13.  The First Action was dismissed by Judge Lefkow on May 26, 2020.  *Id*. dkt 15.

3.      Subsequently, Plaintiffs re-filed their lawsuit against Clearview in the Circuit Court of Cook County, Illinois on May 27, 2020 (the "Second Action").  *See* Ex. 1 ("Compl.").  On June 1, 2020, the Second Action was served on Clearview's agent for process.  (Ex. 2 at 43.)

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein.  The file includes all process, pleadings, motions, and orders filed in this case, including the Complaint (Exhibit 1) and all other documents in the state court case file (Exhibit 2).

5.      Plaintiffs allege that Clearview has violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(c), by allegedly profiting from the biometric information and biometric identifiers of Illinois residents without their permission.  Compl. ¶¶ 33-39.

6.      Plaintiffs seek a variety of remedies on behalf of the putative class, including declaratory judgment, statutory damages including interest, and attorneys' fees.  *See* Compl. at 11 (Prayer).

## I.    REMOVAL IS PROPER UNDER CAFA (28 U.S.C. § 1332(d))

7.      CAFA provides that federal courts have original jurisdiction over putative class actions in which (a) any plaintiff is diverse from any defendant, (b) there are at least 100 members in the putative class, and (c) the amount in controversy exceeds $5 million, exclusive of interest

and costs.  28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### A.  THE PARTIES ARE SUFFICIENTLY NUMEROUS

8.      Plaintiffs purport to bring this action on behalf of "[a]ll current Illinois citizens whose biometric identifiers or biometric information were, without their knowledge, included in the Clearview AI Database at any time from January 1, 2016 to January 17, 2020" and who "suffered no injury" but were nonetheless allegedly aggrieved.  Compl. ¶ 25.  Plaintiffs allege that "[t]he [c]lass likely consists of millions of individuals."  *Id.* ¶ 27.  This is sufficiently numerous to satisfy CAFA.

### B.  THE PARTIES ARE MINIMALLY DIVERSE

9.      Plaintiff Melissa Thornley resides in Cook County, Illinois and is a citizen of Illinois.  *Id.* ¶ 3.

10.     Plaintiff Deborah Benjamin-Koller resides in Cook County, Illinois and is a citizen of Illinois.  *Id*. ¶ 4.

11.     Plaintiff Josue Herrera resides in Cook County, Illinois and is a citizen of Illinois.  *Id*. at ¶ 5.

12.     Clearview is a Delaware corporation with its principal place of business in New York, New York.  Compl. at ¶ 6, Muclaire Decl. ¶ 2.  Clearview is therefore a citizen of Delaware and New York.  *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (noting that a corporation's principal place of business is the place where "a corporation's officers direct, control, and

3

coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

13.     Accordingly, the minimal diversity requirement is satisfied because at least one plaintiff is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *Toulon v. Continental Casualty Co.*, 877 F.3d 725, 732 (7th Cir. 2017) ("CAFA requires only 'minimal diversity' where one plaintiff is diverse from the defendant.").

14.     Because Clearview is not a citizen of Illinois, neither the "local controversy" nor the "home state" exceptions to CAFA apply. *See* 28 U.S.C. § 1332(d)(3)-(4).

### C. THERE IS AT LEAST $5,000,000 IN CONTROVERSY

15.     Under BIPA, where the class is greater than 1,000 members, the requisite amount in controversy is "secure" without needing to account for Plaintiffs' request for attorneys' fees. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020) ("[C]laims of individual class members are aggregated for purposes of CAFA."). *See also* 28 U.S.C. § 1332(d)(6). Here, as in *Bryant*, because the alleged class has at least 1,000 members (Compl. ¶ 27), the amount in controversy under CAFA is satisfied. *See id.* at 11 (Prayer, requesting $5,000 per violation of BIPA). And under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). When aggregated, the statutory damages, the amount of attorneys' fees that class counsel may recover, and the cost of complying with Plaintiffs' requested injunctive relief easily exceed CAFA's $5 million threshold.

### D. VENUE IS PROPER

16.     Venue is proper in this Court because Plaintiffs filed their complaint in the Circuit Court of Cook County, Chancery Division, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought

in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 93(a) (providing that Cook County is part of the Northern District of Illinois, Eastern Division).

### E.  REMOVAL IS TIMELY

17.    Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the Summons and the Complaint.  Clearview's agent for process was served on June 1, 2020.  *See* Ex. 2 at 43.  This Notice of Removal is accordingly timely.

### F.  OTHER REQUIREMENTS FOR REMOVAL ARE MET

18.    Clearview has not had any attorneys enter an appearance, file any responsive pleadings, or file any papers responding to the Complaint in the Circuit Court.

19.    Pursuant to 28 U.S.C. § 1446(d), Clearview will promptly give written notice of the filing of this Notice of Removal to all parties and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Circuit Court of Cook County, Illinois.

BASED ON THE FOREGOING, Clearview hereby removes the action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

June 30, 2020                                    Respectfully submitted,

                                                 By:  ___/s/ David P. Saunders

                                                     David P. Saunders
                                                     Howard S. Suskin
                                                     JENNER & BLOCK LLP (#05003)
                                                     353 North Clark Street
                                                     Chicago, Illinois 60654
                                                     Phone: (312) 222-9350
                                                     hsuskin@jenner.com
                                                     dsaunders@jenner.com

                                                     Attorneys for Defendant Clearview AI,
                                                     Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, David P. Saunders, an attorney, hereby certify that on June 30, 2020, I caused one copy

of the foregoing **NOTICE OF REMOVAL** to be served on counsel listed below by e-mail:

Daniel M. Feeney
Zachary J. Freeman
Miller Shakman Levine & Feldman LLP
Firm ID: 90236
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
dfeeney@millershakman.com
zfreeman@millershakman.com

David S. Golub
Steven L. Bloch
Ian W. Sloss
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

Kevin M. Forde
Brian P. O'Meara
Kevin R. Malloy
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago, IL 60602
kforde@fordellp.com
bomeara@fordellp.com
kmalloy@fordellp.com

By: ___/s/ David Saunders