# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 9/24/2020 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
5/27/2020 2:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04348

9314164

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera, individually and on behalf of all others similarly situated,

Plaintiff

v.

Case No: _____

Clearview AI, Inc.

Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | |
|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title |
| | | | 0021 | ☐ Quo Warranto |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ |

⦿ Atty. No.: 90236    ◯ Pro Se 99500

Atty Name: Daniel M. Feeney/Miller Shakman Levine & Feldman

Atty. for: Plaintiffs

Address: 180 N. LaSalle St, Suite 3600

City: Chicago    State: IL

Zip: 60187

Telephone: 312.263.3700

Primary Email: dfeeney@millershakman.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CLEARVIEW AI, INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) No. _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CLASS ACTION COMPLAINT

Plaintiffs Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera ("Plaintiffs"), individually and on behalf of all others similarly situated (collectively, the "Class"), bring the following Class Action Complaint pursuant to Sections 2-801 and 2-802 of the Illinois Code of Civil Procedure against Defendant Clearview AI, Inc. ("Clearview AI" or "Defendant") for redress of Defendant's improper sales in Illinois, for profit, of software technology containing, and allowing users to search, a database of Plaintiffs' and the Class's biometric identifiers and biometric information, in violation of Section 15(c) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Defendant in that Clearview AI has conducted the following business in Illinois and has engaged in the following conduct in violation of BIPA in the State of Illinois during the Class Period (as defined below in Paragraph 25):

   a. Defendant Clearview AI has actively marketed its products at issue in this lawsuit – the Clearview AI App (as defined in Paragraph 7 below), the Clearview AI Database (as defined in Paragraph 7 below) and the software technology Clearview AI has developed to enable users of the Clearview AI

FILED DATE: 5/27/2020 2:03 PM   2020CH04348

App to search the Clearview AI Database – to prospective customers in Illinois including (without limitation) by delivering proposals, quotes and other marketing communications to prospective customers in Illinois; negotiating with prospective customers based in Illinois; offering trial use of the App and Database, and, on information and belief, through in-person meetings and telephone and email communications with prospective customers and co-marketers in Illinois;

b. Defendant Clearview AI has, for profit, directly or through third parties, entered into agreements with customers based in Illinois for the use of the Clearview AI App in Illinois to search the Clearview AI Database;

c. Defendant Clearview AI has received payments from customers based in Illinois for the customers' licensing and use of the Clearview AI App in Illinois to search the Clearview AI Database;

d. Defendant Clearview AI has, as a sales marketing technique, provided the Clearview AI App to persons in Illinois on a trial basis to search the Clearview AI Database;

e. Defendant Clearview AI has, for profit, sold its products at issue in this lawsuit to over 100 customers based in Illinois, licensing or otherwise authorizing such customers and their employees to use the Clearview AI App in Illinois to conduct searches of the Clearview AI Database;

f. Defendant Clearview AI has provided follow-up support services to licensed users of the Clearview AI App based in Illinois;

g. Defendant Clearview AI has advertised and promoted, or caused or approved the advertising and promotion of, its products in Illinois;

h. Defendant Clearview AI has entered into one or more agreements with persons or businesses to market its products, including the Clearview AI App and Database, in Illinois, authorizing such persons or businesses to serve as its duly-authorized agents and representatives for such purpose and knowing and intending that such persons or businesses would market and provide the Clearview AI App to customers (and prospective customers) for use in Illinois to search the Clearview AI Database;

i. Defendant Clearview AI has, through its duly-authorized agents and representatives, actively marketed the Clearview AI App, the Clearview AI Database and the software technology it has developed to enable users of the Clearview AI App to search the Clearview AI Database, to prospective customers in Illinois including (without limitation) by delivering proposals, quotes and other marketing communications to prospective customers in Illinois; negotiating with prospective customers based in Illinois; and

2

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

        through in-person meetings and telephone communications with its representatives and agents and prospective customers in Illinois;

    j.    Defendant Clearview AI has, for profit, provided the Clearview AI App, the Clearview AI Database and its software technologies to third parties in Illinois to enable such third parties to market and deliver such products to persons and businesses in Illinois, knowing and intending that the Clearview AI App would be used to run searches of the Clearview AI Database in Illinois; and

    k.    Defendant Clearview AI has conducted searches of servers based in Illinois and downloaded photographs to its Database from servers based in Illinois.

2.    Venue is proper in Cook County because Defendant conducted business during the Class Period in this State, and in particular in Cook County, and committed the statutory violations alleged herein in Cook County and throughout Illinois.

## PARTIES

**A.    Plaintiffs**

3.    At all times mentioned herein, including throughout the Class Period, Plaintiff Melissa Thornley has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

4.    At all times mentioned herein, including throughout the Class Period, Plaintiff Deborah Benjamin-Koller has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

5.    At all times mentioned herein, including throughout the Class Period, Plaintiff Josue Herrera has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

**B.    Defendant**

6.    Defendant Clearview AI, Inc. is a business incorporated under the laws of the State of Delaware that does business in the State of Illinois, including in Cook County.

**FACTUAL ALLEGATIONS**

7. Defendant Clearview AI is an artificial intelligence company founded in 2016 that secretly created a database of over three billion facial scans (the "Clearview AI Database" or "Database") and a facial recognition application (the "Clearview AI App" or "App") and technologies that enable App users in Illinois to identify individuals by comparing the individuals' facial scans to the facial scans of individuals included in the Clearview AI Database.

8. Defendant Clearview AI created its Database of facial scans through the use of proprietary algorithms that enable it to convert photographs in the Database to biometric facial recognition identifiers. Defendant obtained the photographs for its Database by "scraping" photographs posted and accessible on the internet from, among other sources, social media platforms Facebook, Twitter, Instagram, and LinkedIn, video sharing platform YouTube, and payment platform Venmo. ("Scraping" is the automated extraction of data from websites.)

9. For a number of years prior hereto and to the present time, Plaintiff Thornley maintained public social media accounts containing accessible photographs of her facial image on the Facebook, Instagram, and LinkedIn social media platforms.

10. For a number of years prior hereto and to the present time, Plaintiff Benjamin-Koller maintained social media accounts containing accessible photographs of his facial image on the Facebook, Instagram, and Twitter social media platforms.

11. For a number of years prior hereto and to the present time, Plaintiff Herrera maintained accounts containing accessible photographs of his facial image on the Facebook, Instagram, and LinkedIn social media platforms, the digital payment platform Venmo, and on the YouTube video-sharing platform.

12. Because Plaintiffs' photographs were posted and accessible on one or more of the platforms scraped by Defendant Clearview AI, Plaintiffs' photographs were collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

13. Similarly, the photographs of the millions of other Illinois residents in the Class were posted and accessible on one or more of the platforms scraped by Defendant Clearview AI, and, as a result, collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

14. During the Class Period, Defendant Clearview AI owned and possessed and offered for sale in Illinois the Clearview App and Database (and Clearview AI's supporting technologies) and furnished and provided possession, control, dominion and access to its App and Database to third parties in Illinois, for sale to customers in Illinois.

15. During the Class Period, Defendant Clearview AI, directly and through its third-party agents and representatives, sold access to Plaintiffs' and the Class' biometric identifiers and biometric information in the Clearview AI App and Database to over 100 customers based in Illinois or otherwise profited in Illinois from such biometric identifiers and biometric information.

16. During the Class Period, Defendant Clearview AI, for profit, directly or through third parties, licensed or otherwise authorized persons, businesses and other entities based in Illinois to use the Clearview AI App in Illinois to search the Clearview AI Database to identify individuals whose photographs were scraped to the Database and converted to biometric identifiers.

17. During the Class Period, Defendant Clearview AI, for profit, authorized third parties to license or sell access to the Clearview AI App and Database to persons and business based in Illinois and provided the Clearview AI App and Database to such third parties for such purpose.

18. During the Class Period, persons in Illinois, who were provided access and authorization to use the Clearview AI App in Illinois by Defendant, used the Clearview AI App in Illinois to identify unknown individuals (or confirm the identity of known individuals) by utilizing the following process: the App user in Illinois has uploaded a photograph of an individual the user is seeking to identify; Clearview AI's facial recognition technologies scanned the face in the uploaded photograph and converted the facial geometries of the individual pictured in the photograph into mathematical formulas or "vectors;" Clearview AI's technologies then identified the individual in the photograph by comparing the newly-created facial geometries with facial vectors of individuals whose photographs had previously been stored and converted to biometric form in Clearview AI's Database; the Clearview AI App then displayed all photographs in the Clearview AI's Database of the matched individual to the App user.

19. During the Class Period, persons in Illinois who were, for profit, provided the Clearview AI App by Defendant conducted searches in Illinois on their mobile devices and computers of Clearview AI's Database.

20. Plaintiffs are unaware of any user who uploaded photographs of any of the Plaintiffs nor who sought to identify any of the Plaintiffs by using the Clearview AI App during the Class Period. It is highly probable that no user has uploaded photographs of any of the Plaintiffs nor sought to identify any of the Plaintiffs by using the Clearview AI App during the Class Period.

6

21. During the Class Period, Plaintiffs' biometric identifiers or biometric information in the Clearview AI App were not disclosed to any users of the Clearview AI App or to any third-parties.

22. During the Class Period, none of the Plaintiffs or Class members knew (or had reason to suspect) that their biometric identifiers or biometric information were contained in the Clearview AI Database.

23. Section 15(c) of BIPA prohibits a private entity in possession of biometric identifiers or biometric information from selling, leasing, trading, or otherwise profiting in Illinois from a person's biometric identifier or biometric information. 740 ILCS 14/15(c).

24. During the Class period, Defendant Clearview AI, individually and through its agents and representatives, sold access to the Clearview AI Database containing Plaintiffs' biometric identifiers or biometric information to customers in Illinois or otherwise profited from Plaintiffs' biometric identifiers or biometric information in Illinois in knowing violation of Section 15(c) of BIPA.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action pursuant the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, on their own behalf and as representatives of all other similarly-situated individuals, defined as follows (the "Class"):

> All current Illinois citizens whose biometric identifiers or biometric information were, without their knowledge, included in the Clearview AI Database at any time from January 1, 2016 to January 17, 2020 (the "Class Period") and who suffered no injury from Defendant's violation of Section 15(c) of BIPA other than statutory aggrievement in that there is no evidence that during the Class Period: (i) a photograph of the Class member was ever uploaded to the Clearview AI App by any user of the Clearview AI App; (ii) any user of the Clearview AI App sought to use the Clearview AI App and Database to identify them; and (iii) their biometric

identifiers or biometric information in the Clearview AI Database were never disclosed to any users of the Clearview AI App or any third-parties.[1]

26. This action is properly maintained as a class action under 735 ILCS 5/2-801 because: (1) the class is so numerous that joinder of all member is impracticable ("Numerosity"); (2) there are questions of law or fact that are common to the class ("Commonality"); (3) Plaintiffs' claims are typical of the claims of the class ("Typicality"); and (4) Plaintiffs will fairly and adequately protect the interest of the class ("Adequate Representation").

27. **Numerosity**. The Class likely consists of millions of individuals, and the members can be identified through Defendant's records. The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but Facebook, Inc., one of the social media platforms scraped by Defendant Clearview AI, has recently disclosed that it has approximately 6 million Illinois residents with photographs on its platform. Individual joinder in this case is impracticable.

28. **Predominant Common Questions**. The Class's claims present common questions of law and fact and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant Clearview AI was in possession of Plaintiffs' and the Class's biometric identifiers or biometric information during the Class Period;

    b. Whether, during the Class Period, Defendant Clearview AI sold access to Plaintiffs' and the Class's biometric identifiers or biometric information to customers in Illinois or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information in Illinois;

    c. Whether, during the Class Period, Defendant Clearview AI violated Section 15(c) of BIPA; and

---

[1] Plaintiffs have defined the Class based on currently available information and reserve the right to amend the definition of the Class, including, without limitation, the Class Period.

8

d. Whether Defendant Clearview AI's violations of Section 15(c) of BIPA were committed intentionally, recklessly, or negligently.

29. **Typicality**. Plaintiffs' claims are typical of the claims of the other members of the proposed Class. Plaintiffs and Class members were aggrieved as a result of Defendant's violations of Section 15(c) of BIPA in a manner that is uniform across the Class.

30. **Adequate Representation**. Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel that is competent and experienced in complex litigation and class actions. Plaintiffs have no interest that is antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

31. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. It would be unduly burdensome to the Court for each class member to pursue their claims individually. This proposed class action presents fewer management difficulties than individual litigation and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

32. Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

9

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

## CLAIM FOR RELIEF

**Violations of Section 15(c) of the Illinois Biometric Information Privacy Act**
**(On Behalf of Plaintiffs and the Class)**

33. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

34. During the Class Period, Defendant, acting for profit, individually and through its agents and representatives, sold access to Plaintiffs' and the Class's biometric identifiers or biometric information in the Clearview AI Database to customers based in Illinois or otherwise profited in Illinois from Plaintiffs' and the Class's biometric identifiers or biometric information included in the Clearview AI Database.

35. Were it not for the inclusion of Plaintiffs' and the Class's biometric identifiers or biometric information in the Clearview AI Database, Defendant would not have been able to so profit.

36. At all times mentioned herein, Defendant Clearview AI was aware of the provisions of Section 15(c) of BIPA that prohibit a private entity in Illinois, such as Clearview AI, from selling, leasing, trading, or otherwise profiting in Illinois from a person's biometric identifier or biometric information.

37. Defendant Clearview AI, during the Class Period, intentionally sold access to Plaintiffs' and the Classes biometric identifiers or biometric information to customers in Illinois or otherwise profited in Illinois from Plaintiffs' and the Classes biometric identifiers or biometric information, in violation of Section 15(c) of BIPA.

38. Pursuant to Section 20 of BIPA, Plaintiffs and the Class are statutorily aggrieved by Defendant's violations of Section 15(c) of BIPA.

39. During the Class Period, none of the Plaintiffs nor any Class Members suffered any injury as a result of the violations of Section 15(c) of BIPA other than the statutory aggrievement alleged in Paragraph 38.

WHEREFORE, Plaintiffs on behalf of themselves and the proposed Class respectfully request that the Court enter an order:

a. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera as Class Representatives, and appointing Silver Golub & Teitell LLP, Miller Shakman Levine & Feldman LLP, and Forde & O'Meara, LLP as Class Counsel;

b. Declaring that Defendant's actions, as set forth above, violate Section 15(c) of BIPA;

c. Declaring that Defendant's actions, as set forth above, were intentional and/or reckless;

d. Awarding statutory damages of $5,000 per Plaintiff and Class member for each intentional and/or reckless violation of Section 15(c) by the Defendant pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 per Plaintiff and Class member for each negligent violation of Section 15(c) by the Defendant pursuant to 740 ILCS 14/20(1);

e. Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

f. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

g. Awarding such other and further equitable relief as BIPA, equity, and justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

11

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

| | |
|---|---|
| Dated: May 27, 2020 | Respectfully submitted,<br><br>MELISSA THORNLEY<br>DEBORAH BENJAMIN-KOLLER<br>JOSUE HERRERA<br><br>/s/ Daniel M. Feeney<br>One of their attorneys |
| Daniel M. Feeney<br>Zachary J. Freeman<br>Miller Shakman Levine & Feldman LLP<br>Firm ID: 90236<br>180 North LaSalle Street, Suite 3600<br>Chicago, IL 60601<br>Tel. (312) 263-3700<br>Fax (312) 263-3270<br>Email: dfeeney@millershakman.com<br>        zfreeman@millershakman.com<br><br>David S. Golub (*pro hac vice forthcoming*)<br>Steven L. Bloch (*pro hac vice forthcoming*)<br>Ian W. Sloss (*pro hac vice forthcoming*)<br>Silver Golub & Teitell LLP<br>184 Atlantic Street<br>Stamford, CT 06901<br>Tel. (203) 325-4491<br>Fax (203) 325-3769<br>Email: dgolub@sgtlaw.com<br>        sbloch@sgtlaw.com<br>        isloss@sgtlaw.com | Kevin M. Forde<br>Brian P. O'Meara<br>Kevin R. Malloy<br>Forde & O'Meara LLP<br>Firm ID: 64371<br>111 West Washington Street<br>Suite 1100<br>Chicago IL 60602<br>(312) 641-1441<br>(312) 641-1288 (fax)<br>kforde@fordellp.com<br>bomeara@fordellp.com<br>kmalloy@fordellp.com |

FILED DATE: 5/27/2020 2:03 PM 2020CH04348

## **SUPREME COURT RULE 222(b) DAMAGES AFFIDAVIT**

      Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiffs and the proposed Class.

Dated:   May 27, 2020                                  Respectfully submitted,

                                                              MELISSA THORNLEY
                                                              DEBORAH BENJAMIN-KOLLER
                                                              JOSUE HERRERA

                                                              /s/ Daniel M. Feeney
                                                              One of their attorneys

| | |
|---|---|
| Daniel M. Feeney | Kevin M. Forde |
| Zachary J. Freeman | Brian P. O'Meara |
| Miller Shakman Levine & Feldman LLP | Kevin R. Malloy |
| Firm ID: 90236 | Forde & O'Meara LLP |
| 180 North LaSalle Street, Suite 3600 | Firm ID: 64371 |
| Chicago, IL 60601 | 111 West Washington Street |
| Tel. (312) 263-3700 | Suite 1100 |
| Fax (312) 263-3270 | Chicago IL 60602 |
| Email: dfeeney@millershakman.com | (312) 641-1441 |
|         zfreeman@millershakman.com | (312) 641-1288 (fax) |
| | kforde@fordellp.com |
| David S. Golub (*pro hac vice forthcoming*) | bomeara@fordellp.com |
| Steven L. Bloch (*pro hac vice forthcoming*) | kmalloy@fordellp.com |
| Ian W. Sloss (*pro hac vice forthcoming*) | |
| Silver Golub & Teitell LLP | |
| 184 Atlantic Street | |
| Stamford, CT 06901 | |
| Tel. (203) 325-4491 | |
| Fax (203) 325-3769 | |
| Email: dgolub@sgtlaw.com | |
|         sbloch@sgtlaw.com | |
|         isloss@sgtlaw.com | |