**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CLEARVIEW AI, INC., )<br><br>Defendant ) | Case No. 20-cv-3843<br><br>Hon. Sharon Johnson Coleman |

**PLAINTIFFS' RESPONSE TO MOTION TO CONSOLIDATE
FILED BY MUTNICK PLAINTIFFS IN CASE NO. 20-CV-512**

Plaintiffs Melissa Thornley, Deborah Benjamin-Koller and Josue Herrera ("Plaintiffs"), through counsel, submit this Response to the Motion to Consolidate (*Mutnick*, ECF 82) filed by plaintiff David Mutnick in *Mutnick v. Clearview AI, Inc., et al*, Case No. 20-cv-512.

This action was removed to this Court by defendant Clearview AI, Inc.("Clearview") from the Circuit Court of Cook County, Illinois, where it was originally filed. Plaintiffs contend that this Court lacks subject matter jurisdiction over this action and are filing a Motion to Remand contemporaneously with this response brief. Pursuant to a scheduling Order entered by Judge Tharp before the matter was transferred to this Court, Clearview's response to the Motion to Remand is due by August 13, 2020, and Plaintiffs' reply is due by August 24, 2020. (ECF 25.)

As Mutnick notes in his Motion to Consolidate, Plaintiffs' counsel advised Mutnick's counsel that, if Plaintiffs' Motion to Remand is denied, they will consent to consolidation of this case with the three other Clearview cases. (*Mutnick*, ECF 82 at 2 n.1.)

In his Motion to Consolidate, Mutnick suggests that the consolidation he proposes would moot what he calls Plaintiffs' "procedural motion" and urges the Court to grant his motion even

before Plaintiffs' Motion to Remand is decided. But the issue raised by Plaintiffs' Motion to Remand is not simply "procedural," but rather is a challenge – based on the absence of Article III standing – to this Court's exercise of subject matter jurisdiction over Plaintiffs' claims. *See, e.g., Moore v. Olsen*, 368 F.3d 757, 760 (7th Cir. 2004) ("If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject-matter jurisdiction") (emphasis added); *see McGinnis v. United States Cold Storage, Inc*., 382 F. Supp. 3d 813, 815 n.1 (N.D. Ill. 2019) (BIPA case) ("[A] plaintiff must also satisfy Article III's requirements to establish subject matter jurisdiction over a case, in addition to statutorily conferred jurisdiction.") (citing *Moore*).

When a lack of Article III standing is demonstrated following the removal of a case from state court, a federal court must remand that case back to state court for lack of subject matter jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) ("Plaintiffs do not have standing to bring this action . . .. Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court from which it was removed"); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994) ("a determination that there is no standing . . . requires us to remand . . . to state court"); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't Human Servs*., 876 F.2d 1051, 1053-54 (1st Cir. 1989) (same); *see* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Mutnick's apparent contention that the filing of a Consolidated Complaint that includes Plaintiffs will moot their remand arguments is erroneous. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir.2010) ("The well established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction.").

Plaintiffs respectfully submit that because Plaintiffs' Motion to Remand raises a question regarding the Court's subject matter jurisdiction over Plaintiffs and Plaintiffs' claims, the Motion to Remand must be decided before Plaintiffs' case can be consolidated with *Mutnick* and before Plaintiffs can be added to a Consolidated Complaint.

| | |
|---|---|
| Dated:   July 21, 2020 | Respectfully submitted, |
| | MELISSA THORNLEY<br>DEBORAH BENJAMIN-KOLLER<br>JOSUE HERRERA |
| | /s/ David S. Golub<br>One of their attorneys |

Daniel M. Feeney
Zachary J. Freeman
Miller Shakman Levine & Feldman LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
Tel. (312) 263-3700
Fac. (312) 263-3270
Email: dfeeney@millershakman.com
       zfreeman@millershakman.com

David S. Golub (*pro hac vice*)
Steven L. Bloch (*pro hac vice*)
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Tel. (203) 325-4491
Fac. (203) 325-3769
Email: dgolub@sgtlaw.com
       sbloch@sgtlaw.com

Kevin M. Forde
Brian P. O'Meara
Kevin R. Malloy
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago IL 60602
Tel. (312) 641-1441
Fac. (312) 641-1288 (
Email: kforde@fordellp.com
       bomeara@fordellp.com
       kmalloy@fordellp.com