IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA THORNLEY, et al.,                )            | |
|                                                                   )            | Case No. 20-cv-3843 |
|             Plaintiffs,                                     )            | |
|                                                                   )            | Judge Sharon Johnson Coleman |
|      v.                                                         )            | |
|                                                                   )            | |
| CLEARVIEW AI, INC.,                              )            | |
|                                                                   )            | |
|             Defendant.                                    )            | |

**MEMORANDUM OPINION AND ORDER**

On May 27, 2020, plaintiffs brought this putative class action lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, after which Defendant Clearview AI, Inc. removed it to this Court based on the Class Action Fairness Act, 28 U.S.C .§ 1332(d). Before the Court is plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants plaintiffs' motion and remands this lawsuit to the Circuit Court of Cook County.

**Background**

Plaintiffs bring a one-count putative class action complaint under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), a consumer privacy statute. In their complaint, plaintiffs allege that Clearview is an artificial intelligence company that secretly created a database of over three billion facial scans. Clearview created a facial recognition application by scraping photographs posted on social media platforms, among other sources.

Unlike plaintiffs in other recent lawsuits against Clearview,[1] the present plaintiffs do not seek damages based on actual injury for violations of 740 ILCS 14/15(b). Instead, plaintiffs bring their lawsuit under 740 ILCS 14/15(c) that provides: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a

---

[1] *See Mutnick v. Clearview AI, Inc., et al.*, 20-cv-0512.

customer's biometric identifier or biometric information." More specifically, Plaintiffs do not base their lawsuit on Clearview scraping their photographs from public sources, converting their photographs into biometric facial scans, and disclosing biometric facial scans, which would have required certain disclosures and plaintiffs' consent under BIPA § 15(b). Rather, they are seeking only statutory damages and attorney's fees for the sale of their biometric information.

**Discussion**

In their motion to remand, plaintiffs argue that the Court does not have subject matter jurisdiction over their lawsuit based on the lack of Article III standing. As the proponent of subject matter jurisdiction, Clearview must establish: (1) plaintiffs suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Speech First, Inc. v. Killeen,* 968 F.3d 628, 638 (7th Cir. 2020).

Plaintiffs argue that Clearview cannot establish they suffered an injury-in-fact because "a bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016). Plaintiffs point to a recent Seventh Circuit decision discussing BIPA and Article III standing, *see Bryant v. Compass Group USA, Inc.,* 958 F.3d 617, 621 (7th Cir. 2020), to support their argument.

In *Bryant*, the Seventh Circuit considered whether the plaintiff had standing to bring claims under §§ 15(a) and 15(b) of BIPA. In doing so, the *Bryant* court first held that the plaintiff had alleged sufficient factual details of a concrete, particularized injury-in-fact satisfying Article III standing concerning her § 15(b) claim based on defendant's failure to make the required disclosures and failure to obtain plaintiff's informed written consent before collecting her biometric data. The Seventh Circuit concluded that by failing to comply with these requirements, defendant "inflicted the concrete injury BIPA intended to protect against, *i.e.* a consumer's loss of the power and ability

to make informed decisions about the collection, storage, and use of her biometric information." *Id.* at 627. As to plaintiff's allegations under BIPA § 15(a), namely, that defendant failed to publicize a data-retention policy and guidelines for destroying biometric information, the Seventh Circuit concluded this duty is not owed to the plaintiff, but to the general public. *Id.* at 626. The *Bryant* panel thus concluded that plaintiff did not suffer a concrete or particularized injury-in-fact under § 15(a). *Id.*

With this guidance in mind, the Court's inquiry is whether the present plaintiffs alleged Clearview's sale of their biometric information under BIPA § 15(c) caused them a concrete, particularized harm, which is a fact-specific analysis. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016). In their complaint, plaintiffs purposely narrowed their claim by setting a class period from January 1, 2016 to January 17, 2020, specifically stating that that the class members did not suffer any injury under § 15(c) "other than statutory aggrievement." Class members are citizens of Illinois and seek only statutory damages and attorney's fees – not actual damages. Plaintiffs' § 15(c) allegations fit under BIPA's statutory scheme, especially in light of the Illinois Supreme Court's holding that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person." *Rosenbach v. Six Flags Enter. Corp.,* 129 N.E.3d 1197, 1207, 432 Ill.Dec. 654, 664 (Ill. 2019).

Despite Clearview's arguments that plaintiffs are attempting to manipulate their claims, as with all lawsuits, a plaintiff is the master of her own complaint. Plaintiffs purposely narrowed their claim to the general prohibition of Clearview selling and profiting from plaintiffs' biometric data and filed their lawsuit in state court where such actions are allowed without the constraints of Article III standing. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("Article III does not apply to the states, so 'state courts are not bound by the limitations of a case or

controversy or other federal rules of justiciability.'") (citation omitted). In the end, plaintiffs did not allege an injury-in-fact, and thus Clearview has failed to establish Article III standing.

**Conclusion**

Based on the foregoing, the Court grants plaintiffs' motion to remand to the Circuit Court of Cook County, Illinois, Chancery Division. [27] Civil case terminated.

**IT IS SO ORDERED.**

Date: 10/23/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge